NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0235n.06

No. 24-5777

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

May 08, 2025

KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE |
| v. | ) ) | UNITED STATES DISTRICT COURT FOR THE WESTERN |
| | ) | DISTRICT OF KENTUCKY |
| ROBERT BLAKE MERRYMAN, | ) ) | |
| Defendant-Appellant. | ) ) | OPINION |
| | ) | |

Before: BATCHELDER, GIBBONS, and BLOOMEKATZ, Circuit Judges.

**ALICE M. BATCHELDER**, **Circuit Judge**. Robert Merryman pled guilty to one count of sexual exploitation of children in violation of 18 U.S.C. § 2251; one count of distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(B); and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). In exchange for Merryman's pleading guilty to these three counts, the government promised to recommend that Merryman receive a sentence "at the lowest end of the applicable Guideline Range." The Presentence Report found that Merryman had an offense level of 43 and a criminal history category of I, which produced a Guideline range of "life." But because Merryman's crimes carried a statutory maximum sentence of 840 months, the Guideline range for his sentence effectively became the statutory maximum.

When it later came time for the district court to sentence Merryman, the government filed a sentencing memorandum recommending that Merryman receive "a sentence at the low end of

the applicable Guideline range." The district court then held a sentencing hearing, and because both parties expressly stated that they wanted to rely on the arguments that they had made in their respective briefs, the district court proceeded directly to sentencing. The district court then sentenced Merryman to 600 months' imprisonment—a sentence that fell well short of the applicable Guideline Range that both started and ended at the statutory maximum of 840 months.

On appeal, Merryman argues that the government breached his plea agreement because it did not affirmatively recommend a particular sentence at his sentencing hearing.[1] But when, as here, the defendant does not object to the government's alleged breach of his plea agreement before the district court, we review for plain error only. *Puckett v. United States*, 556 U.S. 129, 143 (2009). To prevail under this plain-error standard, Merryman must establish four elements: (1) the district court erred; (2) the error was plain, meaning it was "obvious or clear"; (3) the error affected the defendant's substantial rights; and (4) the error "seriously affected the fairness, integrity or public reputation of the judicial proceedings." *United States v. Lanham*, 617 F.3d 873, 883 (6th Cir. 2010).

Here, we do not believe that the district court committed plain error when it sentenced Merryman. First, there was no error here because the government did not breach Merryman's plea agreement when it failed to "state affirmatively at sentencing what it had already made clear in its sentencing memorandum." *United States v. Simmonds*, 62 F.4th 961, 968 (6th Cir. 2023). The government's sentencing memorandum recommended a sentence at the low end of the Guideline Range, and the plea agreement required nothing more than that. Second, even if there was error,

---

[1] The government argues that Merryman waived his right to appeal in the plea agreement. But because Merryman claims that the government breached his plea agreement, we cannot resolve this appeal using the agreement's appeal-waiver provision. *See United States v. Carter*, 814 F. App'x 1000, 10006 (6th Cir. 2020) (explaining that an appeal-waiver provision becomes unenforceable if the government later breaches the agreement).

Merryman still cannot show that any such error was "obvious." *Lanham*, 617 F.3d at 883. Indeed, an error cannot be clear or obvious when it rests upon an "arguable interpretive question," and here, the plea agreement did not unambiguously require the government to recommend a particular sentence during sentencing hearing itself. *See Simmonds*, 62 F.4th at 967-68 (holding that there cannot be plain error when the plea agreement's "language is ambiguous about when and how the government had to remind the district court of the stipulated base offense level"). Third, even if the error was obvious, Merryman still cannot show that the alleged error affected his substantial rights when the sentence that Merryman actually received (600 months) is 240 months *lower* than the applicable Guideline sentence that government would have recommended under the plea agreement (840 months). *See Puckett*, 556 U.S. at 141 (explaining that a defendant is not prejudiced by the breach of a plea agreement when he still "obtained the benefits contemplated by the deal").

For these reasons, we **AFFIRM** the judgment of the district court.